[Crim. No. 294. Second Appellate District.—September 18, 1913.]

THE PEOPLE, Respondent, v. IRA W. HOLT, Appellant.

EMBEZZLEMENT—MONEY DELIVERED TO DEFENDANT WITH WHICH TO BUILD HOUSE—EVIDENCE.—The evidence in this case, consisting in part of voluntary admissions made by the defendant to the district attorney prior to the filing of the original complaint, is sufficient to sustain the conviction of the defendant for embezzling money delivered to him by the prosecuting witness for the purpose of erecting her a house.

ID.—INSTRUCTIONS—DEFINITION OF EMBEZZLEMENT—GOOD FAITH AS DEFENSE.—Where the court, in defining embezzlement, uses the language of the Penal Code, and particularly instructs the jury that before convicting the defendant they should find that he received the money for the purpose charged, and that he appropriated it with the intent to embezzle the same, and that if the appropriation was made upon the honest belief of lawful right the act was not

criminal, is sufficient and covers the defense that the money was appropriated in good faith under claim of right.

ID.—REFUSAL OF INSTRUCTIONS—NONPREJUDICIAL ERROR.—The refusal of the court to give an instruction embodying a statement of section 511 of the Penal Code providing that claim of title is a ground of defense to a charge of embezzlement, which instruction in a general way is covered by other instructions that are given, if erroneous, is nonprejudicial under section 4½ of article 6 of the constitution.

ID.—INSTRUCTIONS—ORDER IN WHICH GIVEN.—The order in which instructions are given is immaterial, and therefore the defendant cannot assign error because the court gives his instructions before those offered by the people.

ID.—PARTY ON WHOSE BEHALF INSTRUCTION OFFERED—WHETHER MATERIAL.—It matters not upon whose behalf an instruction may be offered; if the court determines that it contains a proper and pertinent statement of the law and reads it to the jury, it then becomes the advice of the court, and not a special argument in favor of either of the parties litigant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. E. P. Unangst, Judge presiding.

The facts are stated in the opinion of the court.

Robert T. Linney, and Ralph W. Schoonover, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of embezzlement and appeals from the judgment of imprisonment and from an order denying his motion for a new trial.

The evidence offered in support of the charge showed that a woman named Grace M. Carter had delivered to defendant, who was a real estate agent, the sum of about one thousand one hundred dollars with which to erect for her a house; that instead of putting the money to the use for which it was delivered to him defendant expended it for his own purposes, a portion thereof being paid for an automobile. Prior to the filing of the original complaint, defendant was taken to the office of the district attorney and there interrogated as

to the facts connected with the transaction. While it did appear that his visit to the district attorney's office was not entirely voluntary upon his part, sufficient was shown to establish that whatever statement he there made, he made voluntarily and with full knowledge that it might be used against him in the event prosecution was instituted. The evidence showed that while in the district attorney's office, in answer to questions asked him, defendant admitted receiving the money of the complaining witness for the purpose charged, and admitted having expended a portion of it in the purchase of an automobile for his own use and the remainder for some other purposes which he did not name but which he admitted had not to do with the erecting of a house for the complaining witness. On his own behalf defendant testified that the money had been given him by the complaining witness for the purpose of aiding him to engage in business for himself as a real estate agent. He testified that the complaining witness desired him to board with her at one time, and that the only restriction she placed upon the matter of the use to which he should put the money was that he should not expend it for liquor or upon women. He further testified that the complaining witness made no demand upon him for the return of the money until, happening to pass the office where he was employed, she observed a young woman at work there and that she then became enraged and inquired of him who the woman was and where she lived; that she had also visited the house where he lived without his knowledge and examined his belongings, all evidently for the purpose, as assumed by the defendant, of finding out whether the woman was living at the same place. Shortly after this alleged occurrence the complaining witness lodged her charge with the district attorney. There was ample evidence to sustain the conviction, and an examination of the whole record clearly shows that whatever irregularity there may have been or error committed during the course of the trial, none of these were of such a prejudicial character as to compel the conclusion that in this case there has been a miscarriage of justice.

However, it may be well, in view of the earnestness with which counsel have presented several of their points, to briefly take notice of the contentions made. It is first claimed that

the court should not have given first the instructions offered by the defendant and reserved those offered by the people to be given at the conclusion of the charge. The order in which instructions are given is immaterial. The instructions are in all cases to be considered as the instructions of the court, and not as the instructions of the parties to the litigation. It matters not upon whose behalf an instruction may be offered; if the court determines that it contains a proper and pertinent statement of the law and reads it to the jury, it then becomes the advice of the court and not a special argument in favor of either of the parties litigant. In defining the crime of embezzlement the court used the language of the Penal Code, which was all that defendant could expect or require. The jury were particularly instructed that before convicting the defendant they should find that he received the money for the purposes charged and that he appropriated it with an intent to embezzle the same. They were further instructed that if the appropriation was made upon the belief honestly entertained by the defendant that he had lawful title or right to appropriate the money, the act was not criminal. These instructions sufficiently covered that phase of the defense which was illustrated by the testimony of the defendant. The court might well have given the additional instruction, which was offered and refused, which embodied a statement of the provisions of section 511 of the Penal Code, but in a general way the proposition there laid down was sufficiently covered in the instructions which have just been referred to; and in any event, conceding that error was committed by the court in refusing the instruction offered, what has been said preliminarily as to that aspect of this case as viewed under the provisions of section 4½ of article VI of the constitution of this state, shows the immateriality and nonprejudicial effect of such error. The instruction on circumstantial evidence was not particularly clear, but in the concluding portion thereof the jury were told that in all events the circumstantial evidence must be of such strength as to satisfy their minds beyond a reasonable doubt as to the guilt of the defendant. The venue was sufficiently proven. A careful and critical examination has been made of all of the points enumerated in appellant's assignment of errors, but nothing

is contained therein which furnishes sufficient ground upon which to demand a reversal of the judgment or order.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1913.